OPINION
{¶ 1} Cynthia Horne appeals from her conviction in the Darke County Municipal Court of assault in violation of R.C. 2903.13(A). On appeal, Horne's counsel filed a brief pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, wherein counsel represented that, *Page 2 
after thorough examination of the record, he was unable to discover any errors by the trial court which were prejudicial to Horne. For the following reasons, we affirm Horne's conviction.
 {¶ 2} Horne's conviction stems from a physical altercation primarily between her teenage daughter, Jacinda Chasteen, and Jenna LeMaster on June 30, 2006, at approximately 11:15 p.m. in Greenville, Ohio. According to the state's evidence, Horne also struck LeMaster in the head with her fist a couple of times during the altercation. Witnesses for Horne testified that Horne did not strike anyone during the fight.
 {¶ 3} On November 2, 2006, the trial court held a bench trial on Horne's assault charge, during which each side presented witnesses to the altercation. At the conclusion of trial, the trial court found her guilty and sentenced her to thirty days in jail, all of which were suspended. The court further ordered Horne to pay a fine of $500, of which $250 was suspended, and court costs. The court placed five conditions on the suspended portion of Horne's fine and the jail terms: (1) that she have no similar violations for one year; (2) that she pay the unsuspended portion of the fine and court costs; (3) that she report to Darke County Recovery for an evaluation and comply with its recommendations; (4) that she have no direct contact with LeMaster; Brooke Crider, a witness to the altercation; and their families for one year; and (5) that she pay restitution. On the same day, the court issued a judgment entry which set forth her sentence as pronounced following trial. On November 22, 2006, Horne filed a notice of appeal of the November 2, 2006 judgment.
 {¶ 4} In his Anders brief, Horne's counsel raised the potential arguments that Horne's conviction was not supported by sufficient evidence and was against the manifest weight of the evidence, but he ultimately concluded that such arguments would be unsuccessful. By order of April 16, 2007, we informed Horne that her appointed counsel had filed an Anders brief and of the *Page 3 
significance of an Anders brief. We granted her sixty days from that date to file a pro se brief assigning errors for review by this court. Horne did not file a pro se brief.
 {¶ 5} Pursuant to our responsibilities under Anders, we have independently reviewed the entire record in this case, including the transcript of the trial. Having done so, we agree with the assessment of appointed appellate counsel that there are no arguably meritorious issues for appellate review and that this appeal is frivolous. As stated by Horne's counsel:
 {¶ 6} "In this case the prosecution called two witnesses in its case in chief, Brooke Crider and Jenna LeMaster. Both testified that Cynthia Horne struck Ms. LeMaster with her fist in the head a couple of times while LeMaster was engaged in a dispute with Cynthia's daughter. On the other hand, the defense called two witnesses, Jason McConnell and Trisha Myers. Both testified they witnessed a fight between Cynthia Horne's daughter and Jenna LeMaster but that Cynthia Horne never struck anyone. This conflicting testimony called for the judge, sitting as trier of the fact, to determine the credible testimony, resolve the conflict and make a finding. Where the evidence is conflicting, a reviewing Court will not normally substitute its own judgment. Further it is presumed that the judge considered only admissible evidence and discarded inadmissible evidence in reaching the result." (Citation omitted).
 {¶ 7} The judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1